# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JUAN PABLO TAVARES DE LA CERDA,

    Petitioner,

vs.

JANET NAPOLITANO, et al.,

    Respondents.

Case No. 2:11-CV-00238-JCM-(RJJ)

**ORDER**

    Before the court is the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (#1). The court has reviewed the petition pursuant to 28 U.S.C. § 2243. The court finds that it lacks jurisdiction to consider the petition, and the court dismisses the action.

    Petitioner is a native and citizen of Mexico who entered the United States without inspection in or around February 1988. On May 21, 1996, the Second Judicial District Court of the State of Nevada convicted petitioner of burglary. Ex. 8.[1] On February 2, 1998, an immigration judge ordered petitioner removed from the United States. Ex. 13. Petitioner departed the United States on February 5, 1998. Ex. 15. On January 22, 2007, petitioner filed a motion in the Second Judicial District Court, asking that his conviction be vacated as void because he was a minor at the time of the events at issue and his case should have been transferred to juvenile court. The court granted the motion on January 23, 2007, and vacated the judgment of conviction as void. Ex. 16. In February 2008, petitioner filed a motion to reopen his immigration case. It was denied in May 2010. Ex. 18.

---

[1] All cited exhibits are attached to the petition (#1)

1    Petitioner then commenced this action.  The petition (#1) contains three grounds.  Ground 1
2 is a claim that the immigration judge in 1998 deprived petitioner of due process of law because the
3 judge did not advise petitioner of possible forms of relief from removal, such as a waiver pursuant
4 to 8 U.S.C. § 1182(h).  Ground 2 is a claim that the immigration judge in 1998 deprived petitioner
5 of due process of law because he did not advise petitioner of, or ensure that petitioner received, the
6 rights guaranteed to him in the removal proceedings.  Ground 3 is a claim that the denial of the
7 motion to reopen in 2010 deprived petitioner of due process of law.

8    Petitioner has commenced the incorrect action in the incorrect court.  This court does not
9 have jurisdiction pursuant to 28 U.S.C. § 2241 to consider petitioner's constitutional questions
10 arising from either the removal proceedings or the motion to reopen.  8 U.S.C. § 1252(b)(9).  The
11 correct procedure is for petitioner to present his constitutional claims to the court of appeals in a
12 petition for review.  8 U.S.C. § 1252(a)(2)(D) (petitioner may raise constitutional claims in petition
13 for review); 8 U.S.C. § 1252(a)(5) (petition for review is exclusive means of judicial review).  The
14 court of appeals itself has held that to the extent a person has addressable constitutional claims
15 arising from a denial of a motion to reopen, judicial review lies in a petition for review filed with
16 the court of appeals.  Negrete v. Holder, 567 F.3d 419, 422 (9th Cir. 2009).  To the extent that a
17 person is trying to repackage a claim of abuse of discretion as a constitutional claim, there is no
18 judicial review at all.  Id. (citing 8 U.S.C. § 1252(a)(2)(B)).  Either way, petitioner needed to file a
19 petition for review in the court of appeals, not a petition for a writ of habeas corpus in this court.

20    Also before the court are petitioner's motion for default judgment (#13) and respondents'
21 objection to motion for default judgment and motion to dismiss (#15).  The court denies these
22 motions as moot because the court lacks jurisdiction over the action.

23    IT IS THEREFORE ORDERED that petitioner's motion for default judgment (#13) is
24 **DENIED** as moot.

25    IT IS FURTHER ORDERED that respondents' motion to dismiss (#15) is **DENIED** as
26 moot.

27 ///

28 ///

1   IT IS FURTHER ORDERED that this action is **DISMISSED** because the court lacks
2   jurisdiction over the subject matter.  The clerk of the court shall enter judgment accordingly.
3   DATED May 22, 2012.

```
                                              _____
                                              JAMES C. MAHAN
                                              United States District Judge
```